IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| SHANNON HARMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| SOUTH ELGIN & COUNTRYSIDE FIRE PROTECTION DISTRICT, | ) ) | Honorable Judge: |
| a Municipal Corporation, | ) | Magistrate Judge: |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES, Plaintiff, SHANNON HARMS, by and through her attorneys, Seth R. Halpern and John Malkinson of Malkinson & Halpern, P.C., and for her Complaint against Defendant SOUTH ELGIN & COUNTRYSIDE FIRE PROTECTION DISTRICT, a municipal corporation, states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, SHANNON HARMS, ("Plaintiff"), is a female citizen of the State of Illinois and a resident of the County of Winnebago, City of South Beloit.

2. Plaintiff has been employed by Defendant as a Firefighter/Paramedic since approximately April 7, 2014, through present

3. Defendant SOUTH ELGIN & COUNTRYSIDE FIRE PROTECTION DISTRICT is an Illinois Municipal Corporation that provides fire and emergency medicine services to the citizens of South Elgin and Countryside, Illinois and the surrounding areas.

4. This is an individual action brought by Plaintiff against Defendant for violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq.* and the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq.* for acts of gender discrimination, harassment and retaliation.

5. At all times relevant herein, Defendant was an employer within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(f), and the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq.*

6. At all times relevant, Defendant maintained the right to control Plaintiff's work environment, maintained the right to control the terms and conditions of Plaintiff's employment, paid Plaintiff wages and maintained the right to discipline and discharge employees, including Plaintiff and Chief William Luchsinger.

7. At all times relevant herein, Plaintiff and her supervisor Luchsinger, were employees of Defendant as defined by Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(f) and the Illinois Human Rights Act, 775 ILCS 5/2-101(A).

8. This Court has jurisdiction of this case pursuant to 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991.

9. This Court has supplemental jurisdiction over Plaintiff's Illinois state law claims pursuant to 28 U.S.C. § 1367.

10. This action properly lies in this district pursuant to 28 U.S.C. § 1391 because the claim arose in this judicial district.

11. Plaintiff has complied with all administrative prerequisites by filing with the Illinois Department of Human Rights (IDHR) timely Charges of Gender Discrimination and retaliation and which were cross-filed with the U.S. Equal Employment Opportunity Commission (EEOC) against the Defendant.

12. Plaintiff received the Notice of Opt Out and Right to Sue from the IDHR on or after August 19, 2025.

## FACTUAL ALLEGATIONS

13. Plaintiff was hired by Defendant as a Firefighter/Paramedic on or about April 7, 2014 and currently holds the position of Acting Lieutenant.

14. Throughout Plaintiff's employment, she has performed her job duties satisfactorily and met Defendants' legitimate business expectations.

15. Defendant controlled the work environment of the South Elgin & Countryside Fire Protection District at all relevant times.

16. Plaintiff's ultimate supervisor was Chief William Luchsinger, an employee of Defendant.

17. Beginning soon after Plaintiff began her employment with the South Elgin & Countryside Fire Protection District ("Fire Protection"), Defendant, by and through its employees, including but not limited to Chief William Luchsinger, continuously and repeatedly engaged in and encouraged discrimination on the basis of Plaintiff's gender (female) within the work environment. This continuous pattern of conduct has been ongoing during Plaintiff's entire tenure as an employee of Defendant and has occurred because of Plaintiff's gender.

18. The aforementioned pattern of discriminatory conduct has included but is not limited to:

> a. Defendant denying Plaintiff's requests for female fitting uniform pants for two years after she was hired and impeding access to the women's locker room facility;
>
> b. Defendant denying Plaintiff the opportunity to attend any annual Pension Conferences because it would require overnight stay and she was female;
>
> c. Defendant denying Plaintiff the opportunity to be part of the Technical Rescue Team because it would require overnight stay and she was female;

    d. Defendant failing to hire another qualified female firefighter who applied for a job and placed high on the eligibility list because she was female;

    e. Defendant started an "Acting Officer" program to delay Plaintiff's promotion to Lieutenant;

    f. Defendant deliberately passed and continues to pass Plaintiff over for promotion to full Lieutenant despite her being previously ranked as the #1 candidate;

    g. Defendant deliberately providing false and/or materially incomplete information to the Board of Commissioners of the South Elgin & Countryside Fire Protection District in order to support a resolution passing her over for promotion in spite of the fact that she was the first eligible candidate with no substantial shortcomings to justify passing her over;

    h. Defendant recently and deliberately imposing repeat testing/training requirements upon Plaintiff for the position of Acting Lieutenant following reinstatement, a position which she previously held and which Defendant was ordered to reinstate following grievance arbitration, with no such testing/training requirements;

    i. Defendant recently and deliberately "investigating" Plaintiff's approved, documented medical leave taken a year earlier in 2024, including requiring her to sit for two separate sworn deposition-style "interrogations" as a form of harassment, the second of which was largely a repetition of the first;

    j. Suspending Plaintiff pending the so-called "investigation";

    k. Allowing and engaging in intimidation directed at Plaintiff following her complaints of discrimination; and

    l. On October 7, 2025, forwarding a Predetermination letter to Plaintiff preliminarily concluding that Plaintiff engaged in "serious misconduct".

    19.    All instances of the aforementioned behaviors were unwelcomed by Plaintiff and were both severe and pervasive.

    20.    Throughout the course of her employment and the aforementioned continuing pattern of discrimination, Plaintiff expressed disapproval and complained of the above-described discriminatory behavior, however Respondent took no responsive action.

21. When Plaintiff expressed disapproval and complained of the above-mentioned discrimination, including through the grievance procedure and the filing of charges with the Illinois Department of Human Rights, Respondent engaged in retaliatory acts against Plaintiff through Chief Luchsinger, which include but are not limited to,

> a. Subjecting Plaintiff to harsher standards of discipline, conduct and evaluation than similarly situated individuals who did not complain of discrimination as evidenced by Chief Luchsinger giving Plaintiff artificially and extremely low performance scores on her most recent Lieutenant's Examination, as just one example;
>
> b. Again, as noted above, Defendant recently and deliberately imposing repeat testing/training requirements upon Plaintiff for the position of Acting Lieutenant following reinstatement, a position which she previously held and which Defendant was ordered to reinstate following grievance arbitration, with no such testing/training requirements;
>
> c. Defendant recently and deliberately "investigating" Plaintiff's approved, documented medical leave taken a year earlier in 2024, including requiring her to sit for two separate sworn deposition-style "interrogations" as a form of harassment, the second of which was largely a repetition of the first;
>
> d. Suspending Plaintiff pending the so-called "investigation";
>
> e. Allowing and engaging in intimidation directed at Plaintiff following her complaints of discrimination;
>
> f. Forwarding a Predetermination letter to Plaintiff preliminarily concluding that Plaintiff engaged in "serious misconduct"; and
>
> g. Continuing to pass Plaintiff over for promotion to full Lieutenant.

22. Despite Plaintiff's disgust and objection, and despite her repeated complaints, Defendant's and particularly Luchsinger's gender-based discrimination, retaliation and harassment has not stopped and continues through today.

23. As a result of Defendant and Luchsinger's conduct described herein, Plaintiff has found it difficult to concentrate and her ability to perform her job duties has been impacted.

24. Due to the severe, pervasive and continuing nature of the discriminatory behavior permitted to exist in Plaintiff's work environment, Plaintiff was and continues to be anxious, humiliated, angry and severely emotionally distressed.

25. Defendant's discriminatory actions described herein have further created a severely hostile work environment for Plaintiff.

## COUNT I
### (Gender Discrimination)

26. Plaintiff repeats and re-alleges paragraphs 1-25 as if fully set forth herein as Paragraph 26.

27. The discriminatory conduct which is alleged herein, occurred within the work environment of the South Elgin & Countryside Fire Protection District.

28. Defendant, through its supervisory and managerial staff, including but not limited to Luchsinger, permitted, acquiesced to, and engaged in discriminatory conduct on the basis of Plaintiff being female that was and continues to be severe, pervasive and that substantially interfered with Plaintiff's ability to complete her work duties.

29. Defendant subjected Plaintiff to harsher and more negative terms and conditions of her employment and further created a hostile, offensive and intimidating work environment for Plaintiff.

30. Plaintiff expressed disapproval, disgust and complained about Defendant's discriminatory behavior and despite such complaints, Defendant took no effective remedial action and permitted such behavior to continue.

31. In response to Plaintiff's complaints of discrimination, Plaintiff was subjected to intimidation and hostility, which Defendant permitted, acquiesced to and or participated in and

6

Defendant took no effective remedial action to stop the discriminatory behavior, despite its knowledge of its existence.

32. As a result of Defendant's actions, and lack thereof, Plaintiff was deprived of her right to work in an environment free from gender-based discrimination and as a result, Plaintiff suffered and continues to suffer from severe emotional distress, mental anguish, humiliation, lost wages and benefits.

WHEREFORE, Plaintiff SHANNON HARMS, respectfully requests that this Court enter an Order:

(a) Declaring the conduct of Defendant SOUTH ELGIN & COUNTRYSIDE FIRE PROTECTION DISTRICT and that of its agents, employees and representatives, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.* and the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq.*

(b) Awarding Plaintiff compensatory damages

(c) Awarding Plaintiff damages for lost wages and benefits;

(d) Awarding Plaintiff damages for related emotional distress;

(e) Awarding Plaintiff pre-judgment and post-judgment interest to the extent permitted under law;

(f) Awarding Plaintiff reasonable attorneys' fees and costs; and

(g) any other lawful relief deemed just and proper.

## COUNT II
### (Retaliation)

33. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully set forth herein as Paragraph 33.

34. In response to Plaintiff's protected act of complaining of and reporting acts that she in good faith believed to be discriminatory, including but not limited to the filing of charges of discrimination and multiple grievances in which Plaintiff complained of discrimination,

Defendant, through its employees, supervisors and managers, including Luchsinger, engaged in the following retaliatory actions:

> a. Subjecting Plaintiff to harsher standards of discipline, conduct and evaluation than similarly situated individuals who did not complain of discrimination as evidenced by Chief Luchsinger giving Plaintiff artificially and extremely low performance scores on her most recent Lieutenant's Examination, as just one example;
>
> b. Recently and deliberately imposing repeat testing/training requirements upon Plaintiff for the position of Acting Lieutenant following reinstatement, a position which she previously held and which Defendant was ordered to reinstate following grievance arbitration, with no such testing/training requirements;
>
> c. Recently and deliberately "investigating" Plaintiff's approved, documented medical leave taken a year earlier in 2024, including requiring her to sit for two separate sworn deposition-style "interrogations" as a form of harassment, the second of which was largely a repetition of the first;
>
> d. Suspending Plaintiff pending the so-called "investigation";
>
> e. Allowing and engaging in intimidation directed at Plaintiff following her complaints of discrimination;
>
> f. Forwarding a Predetermination letter to Plaintiff preliminarily concluding that Plaintiff engaged in "serious misconduct"; and
>
> g. Continuing to pass Plaintiff over for promotion to full Lieutenant.

35. Defendant, including Luchsinger, participated in, sanctioned and allowed such retaliation but took no remedial action to stop such behaviors and comments.

36. Defendant's conduct toward Plaintiff showed a disregard for Plaintiff's right to employment free from impermissible retaliation.

37. Due to the retaliation and harassing behavior complained of herein, Plaintiff was forced to work in an unsustainably hostile, intimidating, harassing and intolerable work environment.

38. Defendant failed to implement any policy that prevents impermissible retaliation for employees who openly show disapproval for and complain of gender-based discriminatory behavior.

39. As a result of Defendant's unlawful employment practices complained of herein, Plaintiff suffered and continues to suffer from severe emotional distress, mental anguish and humiliation. Plaintiff 's career and career opportunities have suffered and Plaintiff has lost and continues to lose wages and benefits.

WHEREFORE, Plaintiff SHANNON HARMS, respectfully requests that this Court enter an Order:

(a) Declaring the conduct of Defendant SOUTH ELGIN & COUNTRYSIDE FIRE PROTECTION DISTRICT and that of its agents, employees and representatives, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.* and the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq.*;

(b) Awarding Plaintiff compensatory damages;

(c) Awarding Plaintiff damages for lost wages and benefits;

(d) Awarding Plaintiff damages for related emotional distress;

(e) Awarding Plaintiff pre-judgment and post-judgment interest to the extent permitted under law;

(f) Awarding Plaintiff reasonable attorney's fees and costs; and

(g) any other lawful relief deemed just and proper.

## COUNT III
### (Gender based Hostile Work Environment)

40. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully set forth herein as Paragraph 40.

41. Defendant controlled Plaintiff's work environment at Protection District.

42. Defendant controlled its employees and agents at all relevant times.

43. Defendant was aware that Plaintiff was being continuously and severely harassed on the premises of Protection District due to her gender (female) and in retaliation for her complaints of gender discrimination.

44. Despite causing and being aware that Plaintiff was being subjected to gender-based harassment, including but not limited to uniform discrepancies, opportunity denial and promotion denial, discrepant suspension and investigation, Defendant failed to take prompt or appropriate corrective action to address such unlawful behavior.

45. Defendant Protection District was aware that it did not sufficiently address, investigate or remedy the gender based hostile work environment Plaintiff endured and despite such knowledge, Defendant took no corrective or appropriate action.

46. Defendant permitted, acquiesced to and created a hostile, offensive and intimidating work environment for Plaintiff based on her gender, female, said harassment being both severe and pervasive during her tenure.

47. Because of Defendant's actions, and lack thereof, Plaintiff was deprived of her right to work in an environment free from gender-based harassment and a hostile working environment and as a result, Plaintiff suffered and continues to suffer from severe emotional distress, mental anguish and humiliation.

WHEREFORE, Plaintiff SHANNON HARMS, respectfully requests that this Court enter an Order:

(a) Declaring the conduct of Defendant SOUTH ELGIN & COUNTRYSIDE FIRE PROTECTION DISTRICT and that of its agents, employees and representatives, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.* and the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq.*;

(b) Awarding Plaintiff compensatory damages

(c) Awarding Plaintiff damages for related emotional distress;

    (d)    Awarding Plaintiff pre-judgment and post-judgment interest to the extent permitted under law;

    (e)    Awarding Plaintiff reasonable attorneys' fees and costs; and

    (f)    any other lawful relief deemed just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

DATED: October 14, 2025

Respectfully Submitted,

s/Seth R. Halpern
Attorney for Plaintiff

Seth R. Halpern
MALKINSON & HALPERN, P.C.
33 N. Dearborn Street, Suite 1540
Chicago, Illinois 60602
(312) 427-9600
shalpern@mhtriallaw.com